**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

PAUL G. AYERS, THE AYERS    :
COMPANY II LLC, and    :
DYNETTE MERRITT,    :    C.A. No.: K22C-05-016 RLG
   :
      Plaintiffs,    :
   :
      v.    :
   :
B&B CONTRACTORS, L.L.C.    :
and RAHMEL TOUSSAINT,    :
   :
      Defendants.    :

## ORDER

Submitted: November 1, 2023
Decided: December 15, 2023

Plaintiffs Paul G. Ayers, The Ayers Company II LLC, and Dynette Merritt ("Plaintiffs") obtained an entry of default judgment against Defendants B&B Contractors, L.L.C. and Rahmel Toussaint ("Defendants") on September 9, 2022. The Court subsequently held an inquisition hearing on July 28, 2023 to determine the amount of damages. Plaintiff Merritt and Ms. Merritt's counsel were present at the hearing, and represented the interest of all Plaintiffs. No appearance was made by Defendants.

1

"After a default judgment is ordered, an inquisition hearing is held to determine damages."[1]  "The Court's findings on damages are based on a preponderance of the evidence," meaning "the side on which the greater weight of the evidence is found."[2]  "[T]he sole focus of inquisition hearings is the amount of damages owed to the plaintiff, which is determined by the … judge."[3]

The Court heard the testimony of Plaintiff Merritt and reviewed evidence submitted by Plaintiffs' counsel at the inquisition hearing and in supplemental filings.  Based upon that evidence, it appears to the Court that Plaintiffs are entitled to $62,140.64 in damages for money paid to Defendants for work not completed, loss of rental income, and attorney's fees.  This total award is further outlined below.

## A.    Incomplete Renovation Work

The Court finds by a preponderance of the evidence that Plaintiffs paid Defendants $36,787.99 for work that Defendants failed to complete, and that Defendants failed to refund Plaintiffs that sum of money.  Ms. Merritt testified that she initially made payments directly to B&B Contractors, L.L.C. ("B&B") for work to be completed at 34 North Governors Avenue in Dover.[4]  After learning that Mr.

---

[1] Patton v. Yancey, 2014 WL 4674600, at *1 (Del. Super. Sept. 22, 2014).

[2] Jagger v. Schiavello, 93 A.3d 656, 659 (Del. Super. 2014)(citation omitted).

[3] Id.

[4] Inquisition Hearing Tr. at 8.

Toussaint failed to pay his employees with this prepayment, which caused those employees not to show up for work, Ms. Merritt requested the employees send her their hours directly.[5] Ms. Merritt stated that she would have those hours approved by Mr. Toussaint before issuing checks directly to Mr. Toussaint's employees.[6] Plaintiffs submitted into evidence a "Contract Termination Agreement," signed by Mr. Toussaint on behalf of Defendants.[7] That agreement outlines that "[t]o date[,] Ayers has paid $36,787.99 to B&B or its workers for work on the property."[8] Defendants have not participated in this litigation at any point. Therefore, Plaintiffs' assertion of $36,787.99 in damages for incomplete renovation work stands unrebutted.

## B. Loss of Rental Income

The Court further finds that, based in part upon the rent previously generated by the property, Defendants' failure to complete the renovations deprived Plaintiffs of $18,550.00 in rental income. When Plaintiffs contracted with Defendants, Plaintiffs believed the renovations would be completed by the end of 2021.[9] By

---

[5] Id.

[6] Id.; see also Pls.' Ex. 2 (a worklog submitted by Defendants' employees, which Plaintiffs reviewed before issuing checks directly to those employees).

[7] Pls.' Ex 5.

[8] Id.; see also Pls.' Ex. 3 (copies of the checks written by Plaintiffs).

[9] Inquisition Hearing Tr. at 7.

3

October 2021, Plaintiffs determined Defendants would not complete the renovations within that time frame.[10] Plaintiffs subsequently hired a new contractor in February 2022, and expected the job to take another six months as Defendants' work needed to be redone.[11] Had Defendants completed the work on the schedule originally contemplated by Plaintiffs, the property would have been fit for rental in January 2022.

By the time Plaintiffs hired the second contractor, the new estimated completion date was July 2022. Ultimately, the second contractor also failed to complete the work timely and satisfactorily, resulting in further delays.[12] The Court will not hold Defendants liable for the failure of the second contractor to complete the work in the revised projected time frame. Accordingly, the Court finds the Plaintiffs entitled to seven months of lost rent, which includes the months from Defendants' target completion date to the second contractor's target completion data, at a rate of $2,650.00 per month.[13]

---

[10] Id. at 26.

[11] Id.

[12] Id. at 27-29.

[13] Id. at 20 (The monthly rate of $2,650.00 was provided to the Court by Plaintiffs. After a careful review of prior rental income, pictures demonstrating the improved quality of the property after the renovations were completed, and Plaintiffs' current rental income, the Court finds that $2,650.00 accurately reflects Plaintiffs' monthly rental income loss.).

## C. Attorney's Fees

Additionally, the Court finds an award of attorney's fees of $6,802.65 appropriate. The record reflects that Defendants took Plaintiffs' money without completing the agreed-upon work.[14] Defendants improperly converted trust funds and repeatedly misrepresented the truth to Plaintiffs.[15] Defendants have not participated in these proceedings, and Plaintiff Merritt represented that Defendant Toussaint fled Delaware with any remaining funds.[16]

"An award of attorney's fees is justified if the Court concludes that the cost of the litigation was increased by the bad faith conduct of a party."[17] By a preponderance of the evidence, the Court finds that Defendants acted in bad faith. The Court concludes Defendants' bad faith actions, both before and after litigation commenced, increased the cost of litigation.

## D. Conclusion

Therefore, Defendants are ordered to pay Plaintiffs damages in the amount of $62,140.64, as well as costs and interest accruing at the legal rate after the date of judgment.

---

[14] Id. at 11.

[15] D.I. 25 at 1-2.

[16] Id.

[17] Cabrera v. Hurtado, 2008 WL 3413330, at *3 (Del. Super. May 20, 2008) (citing Slawik v. State, 480 A.2d 636, 639 (Del. 1984)).

**IT IS SO ORDERED**.

_____
Reneta L. Green-Streett, Judge

RLG/ds
*Sent via File & ServeXpress and U.S. Mail*
oc:   Prothonotary
        James J. Woods, Jr., Esquire
        Mr. Rahmel Toussaint